## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CASE NO. 5:09-cv-00155-R

**PEGGY McGEE**                                                                                                    **PLAINTIFF**

**v.**

**CONTINENTAL MILLS, INC.,**
**SHERRIE LAWSON HOWELL and**
**ROD WRIGHT**                                                                                                      **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's Objection to Removal and Motion to Remand to Christian Circuit Court (DN 5). Defendant Continental Mills, Inc. ("Continental") has responded (DN 9). No reply was filed. This matter is now ripe for adjudication. For the reasons that follow, Plaintiff's Motion is DENIED.

Also before the Court is Defendant Continental's Motion to Dismiss (DN 4). Plaintiff has responded (DN 6), and Continental has replied (DN 8). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is GRANTED.

## BACKGROUND

On July 10, 2003, Plaintiff Peggy McGee, an African American female, sustained an injury while working for Continental. She subsequently received medial treatment and workers' compensation benefits. On August 31, 2004, her employment with Continental was terminated. On August 6, 2009, McGee filed a Complaint alleging two Counts of conspiracy against Continental and two of its employees arising out of her employment with Continental. She alleges that the Defendants conspired to wrongfully terminate her in violation of KRS 342.197 and KRS 344.280.

## I.     Motion to Remand

Continental removed this action on the basis of diversity jurisdiction.  McGee is a citizen of Kentucky; Continental is a citizen of Washington.  The other Defendants, Sherrie Lawson Howell[1] and Rod Wright, are citizens of Kentucky and Tennessee, respectively.  Continental argues that Howell and Wright were fraudulently joined, and so removal is proper pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

When an action is removed on the basis of diversity, a court must determine whether "'all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation.'" *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999) (citation omitted).  The "party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction.'" *Id.* at 493 (citation omitted).  Furthermore, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Id.*  "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Id.*  "All doubts as to the propriety of removal are resolved in favor of remand." *Id.*

Continental's first argument is that McGee's conspiracy claim made pursuant to the Kentucky Workers' Compensation Act ("KWCA"), specifically KRS 342.197, fails to state a claim upon which relief may be granted because liability for a violation of this provision runs only to the employer of an injured or ill employee.  In other words, Howell and Wright cannot be individually liable under the KWCA.  McGee does not address the KWCA claim in her Motion

---

[1] Continental states that the individual referenced in the Complaint as "Sherrie Lawson Howell" is actually Sherry Larson Howell.  McGee does not address this assertion.

to Remand.

KRS 342.197(1) provides that "[n]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter." "This provision has been construed to forbid retaliation for filing *or* pursuing a workers' compensation claim." *Southerland v. Hardaway Mgmt. Co.*, 41 F.3d 250, 256 (6th Cir. 1994) (citing *Overnite Transp. Co. v. Gaddis*, 793 S.W.2d 129, 132 (Ky. Ct. App. 1990)). "*An employer* may be held liable under KRS § 342.197(1) for retaliatory discharge if the jury believes that the employee's pursuit of a workers' compensation claim was one of the substantial factors motivating the discharge decision, notwithstanding proof that the employee would have lawfully been discharged anyway." *Bullard v. Alcan Aluminum Corp.*, 113 F. App'x 684, 690 (6th Cir. 2004) (citing *First Property Mgmt. Corp. v. Zarebidaki*, 867 S.W.2d 185, 188 (Ky. 1993)) (emphasis added). Employees such as Howell and Wright cannot be held individually liable for retaliatory discharge. Therefore, the Court finds that McGee has not established a cause of action against Howell and Wright under the KWCA.

Continental's second argument is that McGee's claims pursuant to the Kentucky Civil Rights Act ("KCRA"), specifically KRS 344.280, fail to state a claim upon which relief may be granted because they are (1) barred by the intra-corporate conspiracy doctrine and (2) untimely under the applicable one year limitations period governing conspiracy claims. McGee does not address either argument in her Motion to Remand.

The intra-corporate conspiracy doctrine states that "a corporation cannot conspire with its own agents or employees" because the corporation and its employees "are members of the same collective entity" and so "there are not two separate 'people' to form a conspiracy." *Hull v.*

*Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Ed.*, 926 F.2d 505, 509-10 (6th Cir. 1991). McGee's conspiracy claim arises under Kentucky law, but no Kentucky court appears to have addressed the intra-corporate conspiracy doctrine. This Court must therefore predict whether the Kentucky Supreme Court would embrace the doctrine. *See Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001). The Court believes it would. Most states endorse the doctrine. *See* 2 A.L.R. 6th 387 (2005); *Bays v. Canty*, 330 F. App'x 594, 594 (6th Cir. 2009) (predicting Ohio would embrace the intra-corporate conspiracy doctrine). Additionally, it is the logical extension of the rules that "a corporation can only act through its agents," *e.g.*, *Caretenders, Inc. v. Kentucky*, 821 S.W.2d 83, 86 (Ky. 1991) and that a conspiracy involves "two or more persons," *e.g.*, *McDonald v. Goodman*, 239 S.W.2d 97, 100 (Ky. 1951).

Howell and Wright are employees of Continental. McGee does not argue or allege that they were acting outside of an agency capacity at any relevant time. Therefore, the intra-corporate conspiracy doctrine bars McGee's claims against them. Because McGee could not have established a cause of action against Howell and Wright due to the intra-corporate conspiracy doctrine, the Court does not need to address whether the KRCA conspiracy claims are untimely.

The Court finds that Howell and Wright were fraudulently joined. Even when resolving all doubts in favor of McGee, the Court finds that she could not have established a cause of action against them under state law. Consequently, Continental properly removed this action.

**II.      Motion to Dismiss**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

In its Motion to Dismiss, Continental again argues that McGee's claims fail to state a claim upon which relief can be granted because they are (1) barred by the intra-corporate conspiracy doctrine and (2) untimely under the applicable one year limitations period governing conspiracy claims. As explained *supra*, the intra-corporate conspiracy doctrine states that there cannot be a conspiracy between a corporation and its employees because they are not at least two separate people necessary to form a conspiracy. The Defendants are a corporation and two of its employees. Therefore, McGee's conspiracy claims are barred by the intra-corporate conspiracy

doctrine. The Court again finds it unnecessary to address Continental's statute of limitations argument.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Objection to Removal and Motion to Remand to Christian Circuit Court (DN 5) is DENIED and Defendant Continental's Motion to Dismiss (DN 4) is GRANTED.

An appropriate order shall issue.