UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:09-CV-00155-R

PEGGY McGEE                                                                                    PLAINTIFF

v.

CONTINENTAL MILLS, INC.,
SHERRIE LAWSON HOWELL, and
ROD WRIGHT                                                                                     DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court upon Plaintiff's Motion for Relief From Order Pursuant to FRCP 60 (DN 18). Defendant Continental Mills, Inc. has responded (DN 19), and Plaintiff has replied (DN 20). This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion is DENIED.

## BACKGROUND

On July 10, 2003, Plaintiff Peggy McGee, an African American female, sustained an injury while working for Defendant Continental Mills, Inc. ("Continental"). She subsequently received medial treatment and workers' compensation benefits. On August 31, 2004, her employment with Continental was terminated. On August 6, 2009, McGee filed a Complaint alleging two Counts of conspiracy against Continental and two of its employees, Sherrie Lawson Howell[1] and Rod Wright, arising out of her employment with Continental. She alleged that Defendants conspired to wrongfully terminate her in violation of KRS 342.197 and KRS 344.280.

On September 3, 2009, Continental moved to dismiss the Complaint, arguing that

---

[1] Continental states that the individual referenced in the Complaint as "Sherrie Lawson Howell" is actually Sherry Larson Howell.

McGee's claims failed to state a claim upon which relief can be granted because they were (1) barred by the intra-corporate conspiracy doctrine and (2) untimely under the applicable one year limitations period governing conspiracy claims. In response, McGee argued that (1) her claims were not barred by the intra-corporate conspiracy doctrine because the doctrine has not been recognized in the Sixth Circuit and (2) the conspiracy allegations were subject to a five-year statute of limitations. She never asserted that her Complaint contained anything other than conspiracy claims. The Court applied the intra-corporate conspiracy doctrine and granted Continental's motion.

McGee now requests relief from the Court's order pursuant to Federal Rule of Civil Procedure 60(b).

**STANDARD**

Motions under Federal Rule of Civil Procedure Rule 60(b) seek extraordinary judicial relief and can be granted only upon a showing of exceptional circumstances. *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted). The "general purpose" of the rule "is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Charter Twp. of Muskegon v. City of Muskegon*, 303 F.3d 755, 760 (6th Cir. 2002) (citation omitted). The rule allows a court to relieve a party from a final judgment for the following reasons:

>  (1) mistake, inadvertence, surprise, or excusable neglect;
>
>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). "Relief under Rule 60(b), moreover, is 'circumscribed by public policy favoring finality of judgments and termination of litigation.'" *Doe v. Lexington-Fayette Urban County Gov't*, 407 F.3d 755, 760 (6th Cir. 2005) (quoting *Waifersong Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

## ANALYSIS

The entirety of McGee's First Cause of Action reads as follows:

> 10. On or about August 31, 2004, the *Defendants*, Continental Mills, Inc., Sherrie Lawson Howell and Rod Wright *conspired* to wrongfully terminate the Plaintiff, Peggy McGee, from employment.
>
> 11. The Plaintiff's work injury and pursuit of Workers' Compensation benefits pursuant [*sic*] the Kentucky Workers' Compensation Act KRS 342, et seq., was a substantial and motivating factor in *Defendants'* decision to discharge her, but for which she would not have been discharged.
>
> 12. The termination of Peggy McGee, was in direct violation of provisions of KRS 342.197 which provides "No employee shall be harassed, coerced, discharged or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter."
>
> 13. As a result of the wrongful termination of the Plaintiff by the *Defendants*, the Plaintiff has been forced to incur past and future lost wages, past and future lost fringe benefits, and severe emotional distress.

(emphases added). The best reading of this cause of action is that McGee was alleging that

Continental, Howell and Wright conspired to wrongfully terminate her in violation of KRS 342.197. Paragraph 10 sets forth this claim, and the following paragraphs refer to the three "Defendants" and their decision to wrongfully discharge her. The paragraphs do not contain any reference to a singular "Defendant."

McGee now argues that Complaint states a wrongful discharge claim against Continental, separate and in addition to any conspiracy claims. She contends that the Court is obligated to construe a complaint liberally in favor of the plaintiff when considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This is accurate. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999). If, in response to Continental's motion to dismiss, McGee had argued that she was alleging an individual claim against Continental, then the Court may have allowed that claim to proceed. McGee, however, did not make such an argument.

"Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). The public policy favoring finality of judgments is especially relevant when a party seeks relief pursuant to subsection (6) of the rule.[2] *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2001). A party may not invoke the rule "to resurrect a waived argument." *Id.* at 373.

---

[2] In her initial motion, McGee did not address which of the six Rule 60(b) provisions she believes apply. After Continental noted this failure, McGee stated in her reply that "there has been a clear error of law and the Plaintiff's claim should be allowed to proceed by this Court against [Continental] to prevent manifest injustice." Clear error of law and manifest injustice are typically cited when a party is seeking relief pursuant to Federal Rule of Civil Procedure 59(e). *See GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir. 1999). The Court interprets McGee's reasons as "any other reason that justifies relief" pursuant to Rule 60(b)(6).

The Court finds that McGee has not presented a situation so unusual and extreme that relief is mandated. *See id.* (quoting *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). McGee had ample opportunity to assert that she was bringing something other than conspiracy claims against Continental prior to the Court's order on December 11, 2009. For whatever reason, she chose not to do so. Rule 60(b) cannot provide relief to her now.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Relief From Order Pursuant to FRCP 60 (DN 18) is DENIED. An appropriate order shall follow.